IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALDON MARTINEZ,<br><br>Plaintiff,<br><br>-v-<br><br>SAFERENT SOLUTIONS, LLC<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aldon Martinez ("Plaintiff") brings this action seeking statutory and other damages against Defendant SafeRent Solutions, LLC ("SafeRent" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

-1-

4. The FCRA further imposes a duty to conduct reasonable investigations if the completeness or accuracy of an item being reported is disputed by a consumer.

5. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

6. Plaintiff therefore brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that SafeRent has negligently and recklessly disseminated consumer reports concerning Plaintiff's history and that SafeRent failed to conduct a reasonable investigation after receiving a dispute directly from the Plaintiff.

7. Plaintiff seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

8. Plaintiff is a natural person and resident of Polk County in the State of Florida and qualifies as a "consumer" as defined and protected by the FCRA.

9. Defendant SafeRent Solutions, LLC ("SAFERENT") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant maintains its primary place of business at 4600 Regent Blvd, Irving, Texas 75063; and its registered office at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Florida and violated Plaintiff's rights under the FCRA in the State of Florida as alleged more fully below.

11. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

12. Sometime prior to May of 2024, Plaintiff began looking a new place to reside. One of those places was FirstKey Homes ("Firstkey") in Orlando Florida.

13. Unfortunately for Plaintiff, Plaintiff was denied an apartment at Firstkey due to information they received from SafeRent.

14. Plaintiff subsequently reached out to Firstkey to get some more clarification. In his communications with Firstkey, he was told that the reason he was denied was because SafeRent reported him as being late on mortgage payments within the last 24 months.

15. Plaintiff was shocked as the only mortgage he ever had was fully paid off in 2020, more than 24 months prior to his application with Firstkey.

16. In his review of his SafeRent report, Plaintiff noticed that SafeRent accurately reported that the account was paid off and that his last payment was in 2020. However, SafeRent was also reporting that Plaintiff was late on his mortgage payments in January, February, March, April, June, and July of 2023.

17. Being reported as late in 2023 while at the same time reporting that a paid off accounts last payment was in 2020 is logically inconsistent.

18. On or around July 10, 2024, Plaintiff disputed the inaccurate late payments with SafeRent. In his dispute, Plaintiff specifically noted that he could not be late in 2023 as the mortgage was paid off in 2020. Plaintiff further noted that he already disputed the information with the credit reporting agency Equifax to no avail and requested that SafeRent investigate his dispute reasonably by reaching out to the mortgage company at issue.

19. On July 25, 2024 SafeRent responded to Plaintiff's dispute notifying him that they do not perform an independent investigation if the item in dispute came from a national credit bureau, but rather blindly rely on the credit bureau.

20. As such, SafeRent failed to correct the negative reporting.

21. As a result of Defendant's reporting, Plaintiff was denied numerous housing opportunities.

22. As a further result of Defendant's reporting, Plaintiff suffered defamatory harm by having misleading information published to potential landlords.

23. Upon information and belief, Defendant has maintained woefully insufficient procedures for maintaining the accuracy of the consumer reports it produces and provides to third parties.

24. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

25. Upon information and belief, Defendant here failed to conduct a reasonable investigation of Plaintiff's dispute.

26. At all times pertinent hereto, Defendant's conduct was willful and/or negligent and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff is entitled to punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST SAFERENT

27. All preceding paragraphs are realleged.

28. At all times pertinent hereto, SafeRent was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

29. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

30. In July of 2024, Plaintiff initiated a dispute with Defendant requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him.

31. Defendant received the Plaintiff's dispute letters, as evidenced by its response to Plaintiff.

32. However, Defendant never adequately investigated the Plaintiff's disputes, as required by the FCRA.

33. Instead, Defendant, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

34. As a direct and proximate result of Defendant's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT II
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### AGAINST SAFERENT

35. All preceding paragraphs are realleged.

36. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37. Were Defendant to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Green Planet Mortgage, LLC late payments on the Plaintiff's credit report.

38. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

### DEMAND FOR TRIAL BY JURY

1. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 8, 2024

**MIAMI REALTY LAW GROUP PLLC**

By: /s/ Angel L. Lluvet, Esq.
Angel L. Lluvet, ESQ.
FBN 1019240
6625 Miami Lakes Dr. E Suite 327
Miami Lakes, FL 33014
Phone: (786) 444-9953
Fax: (305) 647-2878
Email: Angel@miamirealtylawgroup.com
Counsel for Plaintiff